## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA·

Edward Rhodes,                               )
                                             )
               Plaintiff,     )
                                             )    Case: 1:17–cv–00698        (H-Deck)
                                             )    Assigned To : Unassigned
     v.                                    )    Assign. Date : 4/18/2017
                                             )    Description: Employ. Discrim.   Jury Demand
Superior Court of the District of Columbia, *et al.*,  )
                                             )
               Defendants.    )

## MEMORANDUM OPINION and ORDER

This matter comes before the court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint.

The Federal Rules of Civil Procedure require that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), they, too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

As drafted, the complaint does not give fair notice to the defendant of the claims being asserted such that it can prepare a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Plaintiff alleges that he was terminated without cause and that he was not provided adequate resources with respect to his visual impairment. *See* Compl. at 2. There are very few factual allegations, and plaintiff does not state the legal bases for his claims. It is not clear whether he is alleging a violation of rights protected under the First Amendment or discrimination based on a disability, or if he actually intends to raise some other claim. Rather than dismiss the complaint, the Court will allow plaintiff an opportunity to amend his complaint to address the defects of the original pleading.

Accordingly, it is hereby

ORDERED that plaintiff's motion to proceed *in forma pauperis* is GRANTED; and it is

FURTHER ORDERED that, within 30 days from the filing date of this Order, plaintiff shall file an amended complaint. Failure to comply with this Order may result in dismissal of this action.

SO ORDERED.

DATE:

4-11-17

_____
United States District Judge

J. Bowleg