UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD RHODES,

      Plaintiff,

  v.

SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA, *et al.*,

      Defendants.

Civil Action No. 17-0698 (JDB)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint With Prejudice (ECF No. 12). For the reasons discussed below, the Court will grant the motion in part and deny it in part.

### I. BACKGROUND

Plaintiff, who is visually impaired, held the position of Deputy Clerk in the Superior Court of the District of Columbia ("Superior Court") from March 25, 2002 until his termination on September 2, 2016. Am. Compl. ¶¶ 1, 3. According to plaintiff, defendants discriminated against him because of his visual disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112-12117, and because of his political activity in violation of the Hatch Act, 5 U.S.C. §§ 7321-7326.

#### ADA Claim

Plaintiff has a visual impairment, *see* Am. Compl. ¶¶ 1, and informed his employer of his disability in 2002, *id*. ¶ 5. To accommodate his disability, plaintiff requested a 36-inch computer monitor on unspecified dates in 2014 and 2015. *Id*. Instead, plaintiff received a 27-inch

1

monitor, *id*. ¶ 6, which was "reconfigure[d] . . . to accommodate [his] visual impairment," *id*. ¶ 8, by enlarging the font size, *see* Defs.' Mem. of P. & A. in Support of their Mot. to Dismiss Pl.'s Am. Compl. ("Defs.' Mem.") at 2. When the Superior Court "replaced all computers in 2015," plaintiff asked "those who installed the new computers" to arrange the same reconfiguration he had been provided before as an accommodation for his disability. Am. Compl. ¶ 9. In November 2015, when "IT personnel . . . inspected [plaintiff's new] computer," they allegedly "ignored [plaintiff's] request to reconfigure [it] as an accommodation." *Id.* ¶ 11. Because the new computer had not been reconfigured, *see id*. ¶¶ 9-12, plaintiff "had trouble seeing with [the 27-inch] monitor," *id*. ¶ 14. As a result, "[b]ecause the smaller screen did not allow [plaintiff] to see properly, [his] work was graded unfavorably." *Id*.

Plaintiff filed an EEOC complaint on September 13, 2016. *Id.* ¶ 15; *see* Defs.' Mem., Ex. 1 (EEOC Charge of Discrimination No. 570-2016-02201) at 1. He checked the box indicating disability as the basis of his discrimination claim and stated that the alleged acts of discrimination took place between August 25, 2016 and September 13, 2016. Defs.' Mem., Ex. 1 at 1. The narrative portion of the charge read:

> I was hired by the Superior Court of the District of Columbia in February 2002 as a courtroom clerk but actually worked as a deputy clerk. I requested an accommodation due to my disability several months after I began which I was granted until approximately Fall of 2015, in the form of larger font on my monitor. Around Fall of 2015 however, everyone received new monitors, and my computer monitor was no longer configured to have the larger font I had prior. I attempted to rectify this several times, however my monitor was never reconfigured to accommodate me after this point despite numerous requests. Due to no longer having my requested accommodation, I struggled in my regular duties and was given negative evaluations. In August 2016 I was notified that I will soon be terminated.

> I believe I was discriminated against based on my disability in violation of the Americans with Disabilities Act of 1990, as amended.

*Id.*, Ex. 1 at 1.

### Hatch Act Claim

Plaintiff held an elected position as an Advisory Neighborhood Commissioner. *See* Am. Compl. ¶ 17. According to plaintiff, his supervisor "harassed [him] and told [him] that [he] needed to stop [his] political activity as an [ANC C]ommissioner." *Id*. Although plaintiff does not describe the nature of his political activity, he attributes the denial of a promotion in 2009 to this activity. *Id*. ¶ 18. And when plaintiff did not resign his ANC position, his supervisor in 2012 allegedly "placed [him] in a job" knowing that plaintiff "would not be able to perform [its] duties," *id*. ¶ 19, and plaintiff "received less than favorable job evaluations," *id*. ¶ 20.

Plaintiff demands reinstatement, the promotion he was denied in 2009, benefits, back pay, and monetary damages of $10 million. *Id*. at 2 (page number designated by ECF).

## II. DISCUSSION

### *A. Dismissal Under Rule 12(b)(6)*

Defendants move to dismiss plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that it fails to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. *See Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). In assessing the motion, a court construes the "complaint . . . liberally in the plaintiff['s] favor, and . . . grant[s] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A complaint survives a Rule 12(b)(6) motion if it contains "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" such that defendants have "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). It need not plead all elements of a plaintiff's prima facie case, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted). Although "detailed factual allegations" are not required, a complaint must supply "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to provide the "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555-56. Further, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

*B. Plaintiff's Amended Complaint Adequately States a Timely ADA Claim*

"No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Ordinarily, a plaintiff must file his charge of discrimination "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1); *see* 42 U.S.C. § 12117(a) (adopting "[t]he powers, remedies, and procedures set forth in [42 U.S.C. §] 2000e-5" to claims under the ADA).

The 180-day period is extended to a 300-day period if the aggrieved person opts to file his charge of discrimination with a local authority, such as the District of Columbia Office of Human Rights. *See Carter v. George Washington Univ.*, 387 F.3d 872, 879 (D.C. Cir. 2004). Defendants represent that, "[u]nder [a] 'work-sharing' arrangement between [the District of Columbia Office of Human Rights] and the [Equal Employment Opportunity Commission], complainants have up to 300 days after the alleged adverse employment event to file a charge of discrimination." Defs.' Mem. at 4 n.2. Thus, any ADA claim plaintiff raises "as to actions occurring on or after November 18, 2015," -- *i.e.*, 300 days prior to the filing of the EEOC charge on September 13, 2016 -- is timely. Defs.' Reply to Pl.'s Opp'n to their Mot. to Dismiss the Compl. ("Reply") at 2 n.1.[1]

Defendants first move to dismiss on the ground that plaintiff "does not specifically allege that he made . . . requests [for accommodation] *to his employer*." Defs.' Mem. at 4-5 (emphasis in original). Instead, plaintiff alleges that he asked the person(s) who installed the computer to reconfigure it, and according to defendants, a request "directed to IT staff members or computer hardware installers . . . do[es] not discharge the employee's burden to request an accommodation." *Id*. at 5. Plaintiff responds by asserting that "requests to representatives of the IT department [were] sufficient to put [his former] employer on notice that [he] had a continuing request for reasonable accommodation." Pl.'s Resp. to Defs.' Mot. to Dismiss Pl.'s Am. Compl. & Mem. in Support of Pl.'s Resp. ("Pl.'s Opp'n") at 1.

---

[1] Plaintiff does not state the specific date in November 2015 that the alleged discriminatory action(s) occurred. It is possible that events giving rise to his ADA claim occurred prior to November 18, 2015, and if so, the claim would be untimely. The Court rejects defendants' suggestion, *see* Reply at 2-3, that dismissal of the ADA claim with prejudice is warranted at this early stage of proceedings, when the parties have yet to engage in discovery.

Missing from defendants' submissions is legal authority to support their position that the complaint not only must identify the particular individual(s) "train[ed] on the ADA's requirements," Defs.' Mem. at 5, but also must allege that plaintiff's requests for accommodation were directed to that individual. Nothing in the current record of this case describes the procedure by which, according to defendants, plaintiff should have made his request, and there is no basis from which the Court can conclude that plaintiff's requests to IT personnel would not suffice.

Next, defendants contend that the amended complaint fails to "hint[] at a causal nexus" between plaintiff's visual impairment, defendants' awareness of the visual impairment since 2002, and plaintiff's termination in 2016. Defs.' Mem. at 5. Not so, plaintiff responds. *See* Pl.'s Opp'n at 1. He refers to the first sentence of the amended complaint, *see id.*, which reads: "I was terminated on September 2, 2016, from my job as a Deputy Clerk with the Superior Court because of my visual impairment in violation of the Americans with Disabilities Act[,]" Am. Compl. ¶ 1. And now, defendants deem "[p]laintiff's bare statement too conclusory," arguing that the amended complaint still fails to "allege specific facts showing the . . . causal link between [plaintiff's] visual impairment and his termination." *Id.* at 2.

The Court is mindful of its obligation to construe a *pro se* pleading liberally. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). A complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief," such that defendants have "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). The first sentence of plaintiff's amended complaint could hardly be more clear, and it should not be read in isolation. In addition to this

assertion, plaintiff claims to have requested an accommodation which his former employer denied. For this reason, plaintiff alleges, his employer graded his work unfavorably and ultimately terminated his employment. Plaintiff's amended complaint adequately puts defendants on notice of a plausible claim of discrimination based on plaintiff's visual impairment under the ADA. Accordingly, the Court denies defendants' motion to dismiss the ADA claims.

### C. Plaintiff's Hatch Act Claim Is Dismissed

According to plaintiff, his "superiors" discriminated against him in violation of the Hatch Act "because of [his] political activity," Am. Compl. ¶ 16, in his role as an elected Advisory Neighborhood Commissioner, *id.* ¶ 17. The alleged discriminatory actions occurred in 2009 when plaintiff was denied a promotion, *id.* ¶ 18, and in 2012 when a supervisor knowingly placed plaintiff in a position, the duties of which plaintiff could not perform, *id.* ¶ 19. Defendants argue that the Hatch Act, if it even applies, does not protect plaintiff from alleged retaliation for ANC-related activities. *See generally* Defs.' Mem. at 6.

Pursuant to *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988) (per curiam), on September 5, 2017, the Court advised plaintiff of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to respond to defendants' motion. Specifically, plaintiff was warned that the Court could treat as conceded any argument defendants raised in their motion if plaintiff failed to respond to it. Plaintiff's opposition does not address defendants' arguments for dismissal of the Hatch Act claim, and instead focuses solely on his ADA claim. Therefore, the Court treats as conceded defendants' arguments for dismissal of the Hatch Act claim. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 238 F. Supp. 2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by

the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citations omitted).

Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [12] is GRANTED IN PART and the Hatch Act claim is DISMISSED WITHOUT PREJUDICE. The motion is also DENIED IN PART, and plaintiff's ADA claim may go forward. It is

FURTHER ORDERED that defendants shall file an answer to plaintiff's amended complaint by April 30, 2018.

SO ORDERED.

DATE: March 29, 2018

/s/
JOHN D. BATES
United States District Judge