UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EDWARD RHODES,

    Plaintiff,

    v.

SUPERIOR COURT OF THE DISTRICT
OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 17-0698 (JDB)

## MEMORANDUM OPINION AND ORDER

Plaintiff Edward Rhodes, proceeding *pro se*, brought this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, against the Superior Court of the District of Columbia, Michael Francis and Daniel Cipullo. On June 12, 2018, defendants filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. On June 13, 2018, the Court issued an Order advising plaintiff of his obligations under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to file an opposition to defendants' motion. The Order advised plaintiff that, if he failed to file his opposition by July 13, 2018, the Court would rule on defendants' motion without the benefit of plaintiff's position. To date, plaintiff has not filed an opposition.

"The appropriate standard for reviewing a motion for judgment on the pleadings is virtually identical to that applied to a motion to dismiss under Rule 12(b)(6)." *Maniaci v. Georgetown Univ.*, 510 F. Supp. 2d 50, 58 (D.D.C. 2007) (citations omitted). Under both Rules 12(b) and 12(c), the Court must decide whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

1

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) (applying *Iqbal* and *Twombly* to Rule 12(c) motions). The Court grants a Rule 12(c) motion if the moving party "show[s] *both* that there is no material dispute of fact (as reflected in the parties' pleadings) *and* that the law is such that the movant is entitled to judgment as a matter of law[.]" *Murphy v. Dep't of the Air Force*, 326 F.R.D. 47, 49 (D.D.C. 2018) (emphasis in original). For the reasons stated below, defendant's motion will be granted.

Defendants Michael Francis and Daniel Cipullo are plaintiff's former supervisors. They argue that the ADA does not provide for individual liability and, therefore, judgment should be entered in their favor. *See* Defs.' Mem. at 3. The Court concurs. "There is no liability under the ADA for a person in his individual capacity." *Martin v. District of Columbia*, 968 F. Supp. 2d 159, 166 (D.D.C. 2013) (citing *Cooke-Seals v. District of Columbia*, 973 F. Supp. 184, 186-87 (D.D.C.1997)).

Defendants next argue that the Superior Court cannot sue or be sued in its own name, and for this reason, plaintiff's ADA claim against it must be dismissed. *See* Defs.' Mem. at 4. Again, the Court concurs, concluding that the Superior Court is not a suable entity. *See Chisholm v. Superior Court of the District of Columbia*, No. 06-2174, 2007 WL 1601718, at *1 n.1 (D.D.C. June 4, 2007); *Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 8 (D.D.C. 2000) (concluding that "neither the D.C. Superior Court nor the Joint Committee [on Judicial Administration] is suable *eo nomine*").

Accordingly, it is hereby

ORDERED that Defendants' Opposed Motion for Judgment on the Pleadings [23] is GRANTED. It is further

ORDERED that plaintiff's claims against the Superior Court of the District of Columbia, Michael Francis, and Daniel Cipullo are dismissed with prejudice. It is further

ORDERED that the District of Columbia is substituted as the proper defendant. For administrative convenience, the docket and the caption of the case shall remain unchanged.

SO ORDERED.

/s/
JOHN D. BATES
United States District Judge

DATE: October 4, 2018